UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


DUNCAN ERIC COLE,

       Petitioner,

v.                                        Case No. 2:14:cv-00016
                                             HON. GORDON J. QUIST

DUNCAN MCLAREN,

       Respondent.
_____/


## REPORT AND RECOMMENDATION

Petitioner Duncan Eric Cole filed this petition for writ of habeas corpus challenging

his jury conviction for four counts of attempted murder (MCL § 750.91), one count of arson of a

dwelling house (MCL § 750.72a), and one count of placing an offensive or injurious substance or

compound on real property with intent to injure (gasoline) (MCL § 750.209(1)(a)).  Petitioner was

sentenced to 16 to 25 years for the attempted murder convictions, 16 to 40 years for the arson

conviction, and 15 to 30 years for the injurious substance conviction, to be served concurrently. The

respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254

Cases in the United States District Courts.  The parties have briefed the issues and the matter is now

ready for decision.

Petitioner alleges that:

I. There was insufficient evidence of attempted murder. There was no
evidence of intent to kill and all of the victims had left before
Petitioner ignited the gasoline. The attempted murder convictions
were also against the great weight of the evidence.

II. Rights to due process and to present a defense were violated when
the trial court excluded evidence that Petitioner had a history of
mental health disorders and suicide attempts.

III. The trial court erred by scoring 25 points for Offense Variable 9.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). The Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that

principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state

adjudication to be "unreasonable" "simply because that court concludes in its independent judgment

that the relevant state-court decision applied clearly established federal law erroneously or

incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the

habeas court should not transform the inquiry into a subjective one by inquiring whether all

reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at

410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is

whether the state court's application of clearly established federal law is "objectively unreasonable."

*Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,*

160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual

findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This

presumption has always been accorded to findings of state appellate courts, as well as the trial court.

*See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989),

*cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by

a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption

of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*,

161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner asserts that there was insufficient evidence to convict him of attempted

murder. Petitioner additionally argues that his attempted murder convictions were against the great

weight of the evidence. Petitioner fails to raise a constitutional issue in asserting that his convictions

were against the great weight of the evidence. This court does not weigh the evidence presented in

a state criminal trial or make factual determinations. Rather, a habeas court analyzes issues

involving constitutional claims or challenges based upon federal law that could apply in a state

criminal trial.  A federal court may not issue a writ of habeas corpus on the basis of a perceived error

of state law.  *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Engle v. Isaac*, 456 U.S. 107, 119 (1982);

*Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988), *cert. denied* 488 U.S. 866 (1988).

A federal court sitting in habeas corpus review of a state criminal trial is to determine

whether there was sufficient evidence of the essential elements of the crime to justify *any* rational

trier of fact to find guilt beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

The evidence is to be considered in the light most favorable to the prosecution.  *Id.*  It is clear that

the evidence was sufficient to establish that petitioner committed the crime.  Petitioner admitted that

he "wanted to kill everyone." Moreover, he poured gasoline around, and almost on, his victims.

Additionally, he set the kitchen fire first, hoping to catch all victims aflame. In light of these facts,

there was enough evidence to suggest that Petitioner intended to kill his victims, and enough

evidence for a reasonable trier of fact to come to the same conclusion.  Michigan Court of Appeals

held:

> Defendant alleges that the attempted murder verdicts were not
> supported by sufficient evidence or, in the alternative, that the trial
> court erred in holding that the verdicts were not against the great
> weight of the evidence. When considering a challenge to the
> sufficiency of the evidence, this Court reviews the evidence de novo,
> viewing the evidence in the light most favorable to the prosecutor, to
> determine whether a rational trier of fact could find that the essential
> elements of the crime were proven beyond a reasonable doubt.
> *People v Hawkins*, 245 Mich App 439, 457; 628 NW2d 105 (2001).
> This Court reviews the trial court's grant or denial of a motion for
> new trial on the grounds that the verdict was against the great weight
> of the evidence for an abuse of discretion. *People v Herbert*, 444
> Mich 466, 477; 511 NW2d 654 (1993), overruled in part on other
> grounds in *People v Lemmon*, 456 Mich 625; 576 NW2d 129 (1998).
> An abuse of discretion occurs when the decision results in an
> outcome outside the range of reasonable and principled outcomes.
> *People v Roper*, 286 Mich App 77, 84; 777 NW2d 483 (2009).

Defendant asserts that the evidence presented at trial shows unequivocally that defendant did not ignite the fire that consumed defendant's family home until after he saw that his wife, nephew, and children were out of the house. Thus, defendant claims, the verdicts convicting him of attempted murder, which requires the intent to kill, *People v Graham*, 219 Mich App 707, 712; 558 NW2d 2 (1996), are based on insufficient evidence or are against the great weight of the evidence. We disagree.

Intent and premeditation may be inferred from all the facts and circumstances. *People v Safiedine*, 163 Mich App 25, 29; 414 NW2d 143 (1987). Because of the difficulty of proving an actor's state of mind, minimal circumstantial evidence is sufficient. *People v Kanaan*, 278 Mich App 594, 622; 751 NW2d 57 (2008). Circumstantial evidence and the reasonable inferences that arise from the evidence can constitute satisfactory proof of the elements of the crime. *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999); *Kanaan*, *supra*, at 619. All conflicts in the evidence must be resolved in favor of the prosecution. *Id*.

Here, defendant's wife testified that defendant lit the front porch on fire after he saw that she and the children were safe. However, defendant's nephew testified that his first view of flames was of flames behind defendant as they drove away. Additionally, the fire investigator opined that the fire at the rear if the house was lit first. This opinion was supported by the fact that the rear door to the house was secured, giving rise to an inference that the rear fire was started and then defendant came out the front and started the second fire. Although defendant presented the theory that he could have used his key to return and light the kitchen fire after lighting the porch fire, a prosecutor need not negate every reasonable theory of innocence, but must only prove his own theory beyond a reasonable doubt in the face of whatever contradictory evidence the defendant provides. *People v Nowack*, 462 Mich 392, 400, 614 NW2d 78 (2000); *People v Chapo*, 283 Mich App 360, 363-364, 770 NW2d 68 (2009). There was also evidence that defendant poured gasoline around his victims, coming so close to his wife that gasoline may have gotten on her. Also, defendant had made statements that he had "hurt them", that he had "killed them", and when asked why he started the fire, that he "wanted to kill everyone."

The jury could infer that defendant lit the kitchen fire first, while his wife and children were still in the house or while he did not know that they had escaped, and that he intended the fire to spread to them, accelerated by the gasoline he poured around them. A rational

- 5 -

factfinder could conclude that defendant had intentionally placed the gasoline and lit the fire in a way that was designed to kill, not merely frighten. See *People v Ng*, 156 Mich App 779, 785; 402 NW2d 500 (1986). The crime of attempted murder would have been completed if defendant took the overt act of lighting the fire in the kitchen with the intent to kill his wife, children and nephew. *Id*. Taken in the light most favorable to the prosecution, this evidence was sufficient to allow a rational fact-finder to determine that defendant had an intent to kill his wife and children when he lit the fire.

Similarly, the trial court's denial of defendant's motion for a new trial based on the great weight of the evidence was not an abuse of discretion. Such a motion should be granted only when the evidence preponderates heavily against the verdict and a serious miscarriage of justice would otherwise result. *People v Lemmon*, 456 Mich 625, 639, 642; 576 NW2d 129 (1998); *People v Unger*, 278 Mich App 210, 232; 749 NW2d 272 (2008). Defendant asserts that the statements he made about hurting or killing the victims were impeached by his wife's eyewitness testimony. Issues of witness credibility are generally insufficient grounds for granting a new trial. *Lemmon*, 456 Mich at 643. In any event, this conflict does not create "a real concern that an innocent person may have been convicted" such that "it would be a manifest injustice" to allow the guilty verdict to stand. *Id*. at 644.  The jury was presented with evidence that supported the theory that defendant lit the fire while his family was in the house, that he placed gasoline all around them, and that he did so with an intent to kill them.

PageID.713-715

Petitioner was convicted based on sufficient evidence and his conviction was not against the great weight of the evidence. The Michigan Court of Appeals decision was not contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or did not result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner claims that he was denied due process when the trial court did not admit evidence of his mental health issues and suicide attempts. The trial court's ruling disallowing

evidence of Petitioner's diminished mental capacity is a non-cognizable issue of state law and is not

entitled to habeas relief. Diminished capacity is a common-law defense, and it is up to the state as

to whether it should be adopted or departed from. Upon review, the Michigan Court of Appeals held:

> Defendant argues that the trial court committed error requiring reversal by sustaining the prosecution's objections to testimony that a detective had prepared a mental health commitment for defendant and that defendant had previously overdosed. A trial court's decision whether to admit evidence is reviewed by this Court for an abuse of discretion. *People v Gursky*, 486 Mich 596, 606, 786 NW2d 579 (2010). A preliminary issue of law regarding admissibility is reviewed de novo. *Id.*

> Defendant admits that our Supreme Court abolished the affirmative defense of "diminished capacity" in *People v Carpenter*, 464 Mich 223; 627 NW2d 276 (2001). Despite this admission, defendant argues that, although the defense of diminished capacity is not available, he still should have been able to offer this evidence to show that he lacked the specific intent to murder. This is precisely what is proscribed by Carpenter. "[T]he Legislature's enactment of a comprehensive statutory scheme concerning defenses based on either mental illness or mental retardation demonstrates the Legislature's intent to preclude the use of any evidence of a defendant's lack of mental capacity short of legal insanity to avoid or reduce criminal responsibility by negating specific intent." *Id.* at 236 (emphasis in original). See also *People v Yost*, 278 Mich App 341, 355; 749 NW2d 753 (2008).

> Defendant's constitutional challenge to the trial court's ruling is without merit. A state is free to choose whether to adopt or depart from the common-law defense of diminished capacity. *Carpenter*, 464 Mich at 240, citing *Fisher v United States*, 328 US 463, 470, 476; 66 S Ct 1318; 90 L Ed 1382 (1946).

PageID.715

The trial court did not deny Petitioner due process rights by not admitting evidence

concerning his mental health. In the opinion of the undersigned, the Michigan Court of Appeals

decision was not contrary to, or involved an unreasonable application of, clearly established federal

law as determined by the Supreme Court of the United States; or did not result in a decision that was

based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Defendant also claims that the sentencing court mis-scored OV9. Claims concerning the improper scoring of sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief); *Cheatham v. Hosey*, No. 93-1319, 1993 WL 478854, at *2 (6th Cir. Nov. 19, 1993) (departure from sentencing guidelines is an issue of state law, and, thus, not cognizable in federal habeas review); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law).  There is no constitutional right to individualized sentencing. *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991); *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995); *see also Lockett v. Ohio*, 438 U.S. 586, 604-05 (1978).  Moreover, a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations."  *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord  Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987).

Although state law errors generally are not reviewable in a federal habeas proceeding, an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'"  *Koras v. Robinson,* 123 F. App'x 207, 213 (6th Cir. Feb. 15, 2005) (citing *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003)).  *See also Doyle*, 347 F. Supp. 2d at 485 (a habeas court "will not set aside, on

allegations of unfairness or an abuse of discretion, terms of a sentence that is within state statutory limits unless the sentence is so disproportionate to the crime as to be completely arbitrary and shocking.") (citation omitted).  A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Koras,* 123 F. App'x at 213 (quoting *Roberts v. United States,* 445 U.S. 552, 556 (1980)); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972); *Townsend v. Burke,* 334 U.S. 736, 741 (1948).  To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence.  *Tucker*, 404 U.S. at 447;*United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984). *Koras,* 123 F. App'x at 213 (quoting *United States v. Stevens,* 851 F.2d 140, 143 (6th Cir. 1988)).  A sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 444, 447.

Petitioner's sentence clearly is not so disproportionate to the crime as to be arbitrary or shocking.  *Doyle*, 347 F. Supp. 2d at 485.  Further, Petitioner does not even argue that the facts found by the court at sentencing were either materially false or based on false information.  *Tucker*, 404 U.S. at 447.  Instead, Petitioner argues only that the court's sentencing findings were not sufficiently supported.  Such claims clearly fall far short of the sort of egregious circumstances implicating due process.  The state-court's rejection of Petitioner's claim was not based on an unreasonable determination of the facts and was neither contrary to nor an unreasonable application of established Supreme Court precedent.  28 U.S.C. § 2254(d). The Michigan Court of Appeals held:

> Defendant also argues that the trial court erred in scoring Offense Variable 9 at 25 points. Under MCL 777.39(1)(b), 25 points are to be scored if ten or more victims were placed in danger of injury or loss

of life. Defendant claims that the trial court erred in determining that the firefighters who responded to the blaze and searched the house for occupants could be counted. He argues that if they were placed in danger of injury or loss of life by the attempted murder, the crime scored, it was not until after the offense had been completed.

Defendant relies on *People v McGraw*, 484 Mich 120, 135; 771 NW2d 655 (2009), in arguing that the responding firefighters could not be counted because the crime scored was complete before they were placed in any danger. Defendant misapprehends *McGraw*. Although the firefighters were not "present" when defendant lit the fire, it was their response to that act, rather than any further acts by defendant, that placed their lives in danger. Persons who intervene after the fact may be considered a victim. See *People v Morson*, 471 Mich 248, 255; 685 NW2d 203 (2004).

The evidence indicated that the firefighters entered the building before the fire was fully extinguished and that the building was full of smoke, necessitating the use of protective gear. The evidence thus supports the trial court's finding that the firefighters that conducted the initial search were placed at risk of injury or loss of life. *People v Waclawski*, 286 Mich App 634, 680; 780 NW2d 321 (2009).

PageID.715-716

In the opinion of the undersigned, the Michigan Court of Appeals decision was not contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or did not result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief.  Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate

of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.*  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).


Dated: June 20, 2016                              /s/ TIMOTHY P. GREELEY
                                                  TIMOTHY P. GREELEY
                                                  UNITED STATES MAGISTRATE JUDGE