UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

DUNCAN ERIC COLE,

        Petitioner,

v.                                      Case No. 2:14-CV-16

DUNCAN MCLAREN,                       HON. GORDON J. QUIST

        Respondent.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner, Duncan Eric Cole, has filed an Objection to the June 20, 2016 Report and Recommendation (R & R) filed by Magistrate Judge Timothy P. Greeley. Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a *de novo* review of the R & R and Petitioner's Objections, the Court will adopt the R & R and overrule Petitioner's Objections.

Petitioner objects to the magistrate judge's conclusion regarding Petitioner's sentence, arguing that he is entitled to relief under the Supreme Court's decision in *Alleyne v. United States*, --- U.S. ---, 133 S. Ct. 2151 (2013). In that case, the Supreme Court held that if the existence of a particular fact would increase the applicable mandatory minimum federal sentence, that fact is an "element" of the crime that the jury must find beyond a reasonable doubt. *Id..* at 2155 (Thomas, J. plurality opinion). Petitioner's argument is flawed in several respects. The Sixth Circuit has held that *Alleyne* is not retroactive to cases on collateral review. *In re Mazzio*, 756 F.3d 487, 491 (6th Cir. 2014). Moreover, Petitioner has failed to demonstrate how *Alleyne* applies to the facts of his case. Petitioner's conviction for attempted murder did not carry a mandatory minimum sentence, *see* M.C.L. § 750.91, and thus the trial court's fact-finding related to the number of victims did not impact any mandatory minimums. Accordingly, the Court will overrule Petitioner's objection.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated "a substantial showing of a denial of a constitutional right." *Id.* The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claims was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability.

Therefore,

**IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 24) is **ADOPTED** as the Opinion of the Court, and the Petition (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Objection to the R & R (ECF No. 25) is **OVERRULED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**This case is concluded.**

**A separate judgment will issue.**

Dated: July 14, 2016                                   /s/ Gordon J. Quist
                                                                      GORDON J. QUIST
                                                                      UNITED STATES DISTRICT JUDGE